## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JILL MARIE TAYLOR BRILLHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-1387-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Commissioner's evaluation of Dr. Geis's medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.    Background

Plaintiff applied for DIB, alleging disability beginning January 1, 2010.  (R. 79, 218).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  Plaintiff argues that the Administrative

Law Judge (ALJ) erred in evaluating Dr. Geis's medical opinion, and that remand is also necessary for a proper consideration of new, material, and chronologically relevant evidence which was presented for the first time to the Appeals Council, but was erroneously rejected.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136,

1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).

"If a determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step

four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining at step four whether, in light of the RFC assessed, claimant can perform her

past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated

Dr. Geis's medical opinion.  Therefore, the court need not, and does not, consider the

allegedly new and material evidence presented to the Appeals Council.  Plaintiff may

present that evidence for the Commissioner's consideration in the proceedings on remand.

## II.    Discussion

Plaintiff claims the ALJ either misunderstood Dr. Geis's medical opinion or

selectively ignored portions of that opinion that are contrary to the RFC assessed.

Plaintiff points out that the ALJ stated she had accorded "some weight" to Dr. Geis's

opinion, but the ALJ also stated that the RFC she assessed is more limiting than Dr.

Geis's opinion because of additional medical evidence and hearing testimony received

after Dr. Geis provided his opinion.  Plaintiff also points out that Dr. Geis opined that

Plaintiff is limited to occasional handling and fingering with the right hand and arm

whereas the ALJ found that Plaintiff can frequently use both hands for fingering and

handling.  She argues that, contrary to the ALJ's findings, the limitation opined by Dr.

Geis is actually more limiting than the ALJ's RFC assessment, and the ALJ did not

explain this ambiguity, but stated that her assessed limitations are more limiting than Dr.

Geis's opinion.  Plaintiff argues that this error is not harmless because a reasonable

factfinder could accept the limitations opined by Dr. Geis and conclude that Plaintiff cannot perform the jobs testified by the ALJ.

The Commissioner admits that the ALJ overlooked Dr. Geis's opinion that Plaintiff was limited to occasional use of her right upper extremity, but argues that this error did not prejudice Plaintiff because the ALJ thoroughly weighed and discussed the evidence regarding carpal tunnel and arthritis.  She argues that the vocational expert testified that other representative jobs are available to a hypothetical individual with Plaintiff's characteristics who is limited to only occasional handling and fingering with the right hand and arm, so even if the court finds error, the ALJ's determination that Plaintiff is not disabled is supported by record evidence.

### A.     The ALJ's Findings

The ALJ found that Plaintiff can <u>frequently</u> use both hands for fingering and handling.  (R. 85).  She recognized that Plaintiff received treatment for "right and left hand arthralgia," and that she was treated at the Arthritis and Rheumatology Clinic.  (R. 86).  She noted that "x-rays of the bilateral hands noted diffuse reduced joint space of the PIP joint."  <u>Id.</u>  She recognized that Plaintiff was treated for right hand problems in February 2012 which "evidenced at least a moderate right median nerve entrapment at the level of the wrist."  (R. 87).  She recognized testing in April, 2012 which revealed a positive Tinel's test, but a negative Phalen's test and preserved dexterity and grip strength.  <u>Id.</u>  She noted that Plaintiff was treated for "right hand and forearm numbness

and was advised in February 2012 to wear a cock up splint and engage in stretching exercises." Id. at 88.

> After discussing this evidence, the ALJ addressed Dr. Geis's opinion:

> Pursuant to Social Security Ruling 96-6p, the undersigned has considered the opinion rendered by the State agency medical consultant Rick Geis, M.D. (Exhibit 4A/11-13) and gives it some weight. However, the residual functional capacity in this decision is more limiting based upon additional medical evidence of record and testimony. Although Dr. Geis determined the claimant was limited to lifting and/or carrying 20 pounds occasionally and 10 pound frequently, the undersigned finds that subsequent medical records warrant a reduction to work at the sedentary exertional level. In addition, taking into consideration the claimant's bilateral hand arthralgia, the undersigned has reduced the claimant's ability to finger and handle to no more than a frequent basis. Thus, this assessment is more restrictive than that of the State agency medical consultant but is more consistent with the record as a whole.

(R. 89). At the end of her RFC assessment, the ALJ again noted that, "taking into consideration the claimant's bilateral hand pain, the residual functional capacity has been further reduced to allow for no more than frequent bilateral fingering and handling." Id. at 90.

#### B.    Analysis

As the parties agree, the ALJ erred in her evaluation of Dr. Geis's medical opinion. Dr. Geis opined that Plaintiff could handle or finger with his right hand only occasionally. (R. 154). The ALJ found that Plaintiff could frequently handle or finger with both hands. (R. 85). And, as Plaintiff notes "frequent" and "occasional" are terms of art in the Social Security context. "'Occasionally' means occurring from very little up to one-third of the time." Soc. Sec. Ruling (SSR) 83-10, 1983 WL 31251, *5 (1983) (emphasis added).

6

"'Frequent' means occurring from one-third to two-thirds of the time." Id. at *6

(emphasis added). Properly understanding these terms of art, it is clear the ALJ

determined Plaintiff is able to handle or finger with her right hand twice as often as did

Dr. Geis. However, the ALJ stated that her assessment was more restrictive than was Dr.

Geis's opinion. She explained that this restriction was necessitated by the facts that

records and testimony were received subsequently to Dr. Geis's opinion, and that she had

taken into account Plaintiff's bilateral hand arthralgia. It is abundantly clear that the ALJ

believed her assessment was more restrictive than was Dr. Geis's assessment.

Consequently, she did not consider or explain why she rejected Dr. Geis's opinion

in this regard. Yet, as Plaintiff points out, it is error for an ALJ to ignore the opinion of

an acceptable medical source such as Dr. Geis. 20 C.F.R. §§ 404.1527(c), 416.927(c);

SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2015). Moreover,

the ALJ has adopted a narrative discussion requirement, explaining that if the ALJ's RFC

assessment conflicts with a medical source opinion, the ALJ must explain why she did not

adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp.

2015). Clearly, the ALJ erred in this regard.

Citing an unpublished decision of the Tenth Circuit, the Commissioner argues that

the court should not remand merely because the ALJ overlooked one line in a non-

examining physician's report. (Comm'r Br. 4) (citing Lately v. Colvin, 560 F. App'x

751, 754 (10th Cir. 2014)). However, even the Commissioner's Brief reveals why Lately

is inapplicable to this case. In her Brief, the Commissioner recognized that the examining

physician's opinion that was ignored in <u>Lately</u> was nearly identical to an opinion of a treating physician which was specifically rejected in that case.  <u>Id.</u>, <u>see also</u>, <u>Lately</u>, 560 F. App'x at 754.  Therefore, the court in <u>Lately</u> understood that the ALJ gave no weight to the examining physician's opinion.  <u>Id.</u>  In this case, there is no opinion considered by the ALJ which is nearly identical to Dr. Geis's opinion.  Therefore, the court cannot know why his opinion was rejected here.  Moreover, the ALJ specifically stated that she had provided limitations which were <u>more restrictive</u> than Dr. Geis's limitations.  This is an ambiguity which must be resolved by the Commissioner on remand.

The Commissioner also argues that Plaintiff has shown no prejudice from the ALJ's error.  This is so in the Commissioner's view, because Plaintiff's Brief ignored that the ALJ asked the vocational expert whether there is work available if the hypothetical individual with Plaintiff's characteristics were limited to handling and fingering only occasionally with the right extremity, and the expert responded that although the occupations cited earlier would not be available, such an individual could still work as a credit checker or as a surveillance system monitor.  Therefore, the Commissioner argues that even if the ALJ had found such limitations as opined by Dr. Geis, she would have found that work was available in the economy for an individual such as Plaintiff.

The Commissioner's argument misses several important points.  First, she ignores the principle that the court must make its decision based only upon review of the decision below.  An ALJ's decision should be evaluated based solely on the reasons stated in the decision.  <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004).  It cannot be

affirmed on the basis of appellate counsel's post-hoc rationalizations for agency action.

Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  And, the reviewing court may

not create post-hoc rationalizations to explain the Commissioner's treatment of evidence

when that treatment is not apparent from the Commissioner's decision.  Grogan v.

Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  Further, the court may not properly

weigh the evidence in the first instance.  Neil v. Apfel, No. 97-7134, 1998 WL 568300 at

*3 (10th Cir. Sept. 1, 1998).

Moreover, the fact that the ALJ specifically asked a hypothetical question based

upon limitations identical to those opined by Dr. Geis suggests that she was aware of Dr.

Geis's particular opinion in that regard.  But, she did not accept either that opinion or the

testimony of the vocational expert regarding it.  The record does not reveal the basis for

that determination, and the court may only review the decision below, it may not make a

de novo decision regarding disability.  Remand is necessary for the Commissioner to

make that decision while specifically considering all of the evidence.

The Commissioner argues, based upon the 39,000s jobs as a credit checker or as a

surveillance system monitor that the vocational expert testified are available in the

national economy to an individual with the limitations opined by Dr. Geis, "this is an

example of the 'exceptional circumstances' where it is 'appropriate to supply a missing

dispositive finding' and find any error harmless."  (Comm'r Br. 6) (quoting Allen v.

Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004)).  As the Commissioner's brief suggests,

in Allen, the court held that it may be appropriate to supply a missing dispositive finding

where the ALJ considered an issue improperly and where the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." Allen, 357 F.3d at 1145. The court does not believe this is such a case.

The fact that the ALJ presented that specific hypothetical to the vocational expert but did not rely upon the testimony to find Plaintiff is not disabled, leaves the court to wonder what other considerations entered into her determination. The Commissioner relies upon the case of Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009) for the proposition that the number of jobs available in the national economy rather than in the regional economy is the proper focus to decide whether there are a "significant number" of jobs available for a particular claimant. However, in that case, the court determined that 1.34 million jobs in the national economy was a significant number of jobs even though there were only 385 jobs available in the regional economy. Id. Moreover, the case cited in Raymond for the proposition that far fewer jobs than 1.34 million is a significant number of jobs in the national economy relied upon 152,000 jobs in the national economy as a significant number. Id. (citing Stokes v. Astrue, 274 F. App'x 675, 684 (10th Cir. 2008)). The 39,000 jobs to which the Commissioner appeals in this case is far fewer (by a factor of almost 4) than the 152,000 jobs considered a significant number in Raymond. And, in this case the vocational expert testified there are only 39,000 jobs available in the national economy and only 530 jobs available in the regional economy. (R. 124). That is a similar number of jobs available in the regional economy as in

Raymond, but less than one thirty-fourth of the number of jobs available in the national

economy.  The difference is big enough the court is unwilling to find that no reasonable

fact-finder could find that there are not a significant number of jobs available to Plaintiff.

The Commissioner suggests that even 11,000 jobs in the national economy is a

significant number of jobs which would support the court in finding non-disability.

(Comm'r Br. 5) (citing Rogers v. Astrue, 312 F. App'x 138, 142 (10th Cir. 2009)).

However, Rogers is to be distinguished from this case.  In Rogers, the ALJ found that

Plaintiff was limited to a range of sedentary work.  Rogers, 312 F. App'x at 141.  Based

upon vocational expert testimony, the ALJ also found that there were a significant

number of jobs in the national economy that the claimant could perform, and concluded

that he was not disabled.  Id. at 140.  Even though the decision was not absolutely clear,

the court determined that the VE testimony that there were 11,000 jobs available within

the national economy was substantial record evidence to support the ALJ's determination

that there were a significant number of jobs available to the claimant.  Id. at 142.

Here, although the ALJ determined that there are a significant number of jobs

available to Plaintiff, that determination was specifically based upon jobs as a bonder, a

document preparer, and a patcher.  (R. 91).  Immediately thereafter, the ALJ explained

that other hypothetical questions were posed to the vocational expert, but that she was

"obligated to only adopt those limitations and commensurate jobs as are consistent with

the record considered in its entirety."  (R. 91).  Therefore, in this case the ALJ specifically

eliminated the jobs of credit checker and surveillance system monitor from her finding of

a significant number of jobs available to Plaintiff.  Therefore, unlike the case of Rogers,

this court is unable to find that such jobs support the ALJ's finding.  Finding that the

record evidence will support an ALJ's decision is a far cry from weighing the evidence in

the first instance and determining whether a significant number of jobs are available in

the economy to meet the needs of a particular situation.  Moreover, unlike Raymond, with

1.34 million jobs available, the 39,000 potential jobs at issue here cannot be found a

"significant number" as a matter of law.  Therefore, the court cannot say that no

reasonable fact-finder considering the evidence in this case could reach a conclusion

different than that of the ALJ here.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be

REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 10th day of November 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**